# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT MEYERS, | 1:10-cv-01338-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT AS FRIVOLOUS |
| THOMAS, et. al., | (Doc. 1) |
| Defendants. | |

**I.     SCREENING ORDER**

Everett Meyers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on July 26, 2010 which is before the Court at this time.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### B.   Plaintiff's Complaint and Analysis

While as a prisoner at Kern Valley State Prison in Delano, California, Plaintiff's sole complaint is that "Defendants Thomas, Junious, Davega and Smith have intentionally and maliciously instituted an out-dated system in serving inmate meals which has caused Plaintiff to eat "cold" breakfast and dinner meals [thus] violating [Plaintiff's Eighth and Fourteenth] constitutional rights." (Doc. 1 at 3). Plaintiff seeks $1,500,000.00 in punitive and compensatory damages.

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). The Court finds that Plaintiff's claim regarding the prison serving cold food does not rise to the level of constitutional proportions, fails to state a claim and is frivolous. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." ); *see also Brown-El v. Delo*, 969 F.2d 644, 649 (8th Cir. 1992) ("[Plaintiff's] claim that his constitutional rights were violated when he was served cold food is frivolous"); *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980) (finding that there is no constitutional right to hot meals).

///
///
///

## II. **CONCLUSION**

For the reasons set forth above, Plaintiff's amended complaint is dismissed with prejudice as frivolous and for failure to state a claim. Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed WITH PREJUDICE for failure to state a claim and as frivolous;
2. The Clerk's Office shall close the case.

IT IS SO ORDERED.

Dated:   June 6, 2011

UNITED STATES MAGISTRATE JUDGE